ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 5, 2008

Mr. Brian S. Rawson, Executive Director
Texas Department of Information Resources
Post Office Box 13564
Austin, Texas 78711-3564

Opinion No. GA-0679

Re: Construction of a conflict of interest statute, Government Code section 2054.022(a)(7), which prohibits a board member or executive director of the Department of Information Resources from accepting or receiving "money or another thing of value from an individual, firm, or corporation to whom a contract may be awarded" (RQ-0706-GA)

Dear Mr. Rawson:

You ask about the construction of a conflict of interest statute, Government Code section 2054.022(a)(7), which applies to a board member or executive director of the Department of Information Resources (the "department" or "DIR").[1] Section 2054.022(a)(7) of the Government Code provides that a board member or the executive director "may not . . . accept or receive money or another thing of value from an individual, firm, or corporation *to whom a contract may be awarded*, directly or indirectly, by rebate, gift, or otherwise." TEX. GOV'T CODE ANN. § 2054.022(a)(7) (Vernon Supp. 2008) (emphasis added). In your view, the words "contract" and "may" are so broad or vague that department board members cannot determine what actions are prohibited as a conflict of interest. Request Letter, *supra* note 1, at 2.

Courts construing a statute "begin with its language, and when possible, . . . determine what the Legislature intended from its own words." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 19 (Tex. 2007). Section 2054.022(a) contains seven provisions describing conduct, relationships, employment, and ownership interests that constitute a conflict of interest. TEX. GOV'T CODE ANN. § 2054.022(a)(1)–(7) (Vernon Supp. 2008). While six of the provisions expressly concern contracts or entities involving "information resources technologies," subsection (a)(7) contains no such reference. *Id.*[2] Section 2054.022(a)(7) does not contain any qualifying or limiting language that would illuminate the meaning of the phrase "to whom a contract may be awarded."

---

[1] *See* Letter from Brian S. Rawson, Executive Director, Texas Department of Information Resources, to Honorable Greg Abbott, Attorney General of Texas (Apr. 24, 2008) (on file with the Opinion Committee, *also available at* www.texasattorneygeneral.gov) [hereinafter Request Letter].

[2] "Information resources technologies" is defined as "data processing and telecommunications hardware, software, services, supplies, personnel, facility resources, maintenance, and training." TEX. GOV'T CODE ANN. § 2054.003(8) (Vernon Supp. 2008).

However, in construing a statute we may also consider its intended purpose. *Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 358–60 (Tex. 2004). Section 2054.022's manifest purpose is to enumerate conduct that poses a conflict of interest for a department board member or the executive director. TEX. GOV'T CODE ANN. § 2054.022 (Vernon Supp. 2008). From that purpose, we may reasonably presume that subsection (a)(7) concerns only contracts pertinent to the official functions of a department board member or its executive director. The board's responsibilities include promulgating department rules and policies, and preparing various reports about state government's use of information resources technologies to the Legislature and others. *Id.* §§ 2054.029(c), .055, .094, .102(b), .118(b) (Vernon 2000 & Supp. 2008). The DIR has responsibilities concerning department and state agency contracts, in addition to its advisory, coordinating, and support roles.[3] And the board, as the governing body for the DIR, exercises authority impacting the DIR's contract responsibilities. *Id.* §§ 2054.021(a), .029(c) (Vernon Supp. 2008). Thus, when viewed in light of the board's statutory responsibilities, section 2054.022(a)(7) pertains to contracts that may be awarded by the DIR or by state agencies that are subject to the DIR's review, oversight, and reporting responsibilities. And while the majority of such contracts likely will pertain to information resource technologies, any other kinds of contracts within the scope of the DIR's responsibilities would also be included within subsection (a)(7)'s prohibition.

You also ask about subsection (a)(7)'s use of "may" in the phrase "to whom a contract *may* be awarded." Request Letter, *supra* note 1, at 3. Chapter 2054 does not define "may."[4] Generally, when statutes use the word "may" in connection with uncertain events, "the significance of the word 'may' or 'might' is not to be taken as including every conceivable possibility, but must be reasonably applied, having in mind the purpose of the statute and the injury or possible wrong which it was designed to prevent." *Europak, Inc. v. Hunt County*, 507 S.W.2d 884, 887 (Tex. Civ. App.—Dallas 1974, no writ) (quoting *Lewiston Milling Co. v. Cardiff*, 266 F. 753, 759 (9th Cir. 1920)). Section 2054.022(a)(7) is manifestly intended to insulate board decision making from the potential for influence by entities that stand to benefit from the decisions of the board and the DIR. We conclude, then, that in section 2054.022(a)(7), an entity "to whom a contract may be awarded" is an entity having a practical possibility of being awarded a contract by the DIR or by a state agency that is subject to the review, oversight, or reporting responsibility of the DIR or the board.

Finally, while you focus on the meaning of the phrase "to whom a contract may be awarded," you also ask about the kinds of transactions prohibited by subsection (a)(7) when they occur between a board member or the executive director and an entity "to whom a contract may be awarded." Request Letter, *supra* note 1, at 2–3. Under subsection (a)(7), a board member or executive director

---

[3]*See, e.g., id.* §§ 2054.1015, 2157.068 (requiring DIR to negotiate the price of certain information technologies commodity items that state agencies may purchase through DIR), 2054.252 (requiring DIR to implement the Texas Online Project), 2054.351–.353, .375–.391 (requiring the DIR to administer a common electronic system for occupational licensing transactions and to establish statewide technology centers). *See generally* Dep't of Information Resources, *Overview of Agency Scope and Functions, available at* http://www.dir.state.tx.us/dir_overview/index.htm (last visited Oct. 31, 2008).

[4]From context, it is clear that the Code Construction Act's definition of "may" as generally meaning authority, permission or power does not apply. *See* TEX. GOV'T CODE ANN. § 311.016(1) (Vernon 2005).

may not "accept or receive money or another thing of value . . . directly or indirectly, by rebate, gift, or otherwise" from certain entities that may contract with state government. TEX. GOV'T CODE ANN. § 2054.022(a)(7) (Vernon Supp. 2008). While the prohibition is broadly worded, other provisions of subsection (a) suggest that not all financial transactions with an entity that may contract with state government represent a conflict of interest. In particular, subsection (a)(4), which provides that a board member or executive director may not receive more than "25 percent of the individual's income from a business entity that has a substantial interest in the information resources technologies industry and that may contract with state government," suggests that income from such resources that does not exceed that amount is not, per se, a conflict of interest. *Id.* § 2054.022(a)(4).

Moreover, in subsection (a)(7) the phrase "accept or receive money or another thing of value" is modified by the phrase "by rebate, gift, or otherwise." Generally, "when words of a general nature are used in connection with the designation of particular objects or classes of persons or things, the meaning of the general words will be restricted to the particular designation." *Hilco Elec. Coop. v. Midlothian Butane Gas Co.*, 111 S.W.3d 75, 81 (Tex. 2003). Applying that rule of construction, subsection (a)(7) concerns the acceptance or receipt of money or other thing of value only when the conveyance is in the nature of a gift, rebate, or similar transaction. While "gift" and "rebate" are not defined, the word "gift" ordinarily implies a lack of return consideration. *Long v. Long*, 234 S.W.3d 34, 40 (Tex. App.—El Paso 2007, pet. denied) (citing *Hilley v. Hilley*, 342 S.W.2d 565, 569 (Tex. 1961)).[5] And in broad terms, a "rebate" is "a return of a part of a payment." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1037 (11th ed. 2005). Construing subsection 2054.022(a) as a whole, we conclude that subsection (a)(7) concerns the acceptance or receipt of money or other thing of value in the nature of a gift or other conveyance suggesting a lack of quid pro quo. *See Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004) (holding that a statute's language should be construed consistently with all of its provisions).

In sum, section 2054.022(a)(7) prohibits a DIR board member or the executive director from accepting or receiving money or a thing of value by rebate, gift or otherwise, from an individual, firm, or corporation if there is a practical possibility that such entity will be awarded a contract by the department or by a state agency that is subject to the board's review, oversight, or reporting responsibilities. Whether a specific conveyance is prohibited by subsection (a)(7) will depend on the particular circumstances, a determination to be made in the first instance by the individual members and the executive director. TEX. GOV'T CODE ANN. § 2054.025(c) (Vernon 2000).

---

[5] *See* TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005) (providing that undefined terms are ordinarily given their common meaning).

## S U M M A R Y

Government Code section 2054.022(a)(7) prohibits a board member or the executive director of the Department of Information Resources from receiving money or a thing of value, by rebate, gift, or otherwise, from an individual, firm, or corporation when there is a practical possibility that such entity will be awarded a contract by the department or by a state agency that is subject to the review, oversight, or reporting responsibilities of the department or its board. Whether a specific conveyance is prohibited by subsection (a)(7) will depend on the particular circumstances, a determination to be made in the first instance by the individual members and the executive director.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee